UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Ako K. Burell, Plaintiff

-VS-

Earl Bell, Superintendent CCF;
Webb, Adv. Sup. of CCF;
Mott, Captain of CCF;
Gregory, IHRC of CCF;
Kowalski, Sec. Civilian of CCF;
King, Deputy Superintendent of Programs
John Doe, Lieutenant of CCF;
Wilson, C.O. of CCF;
Whitehurst, C.O. of CCF
Demars, SORC of CCF.
Burroway, ORC of CCF.
Rushford, Nurse Admin of CCF;
Anthony Annucci, Commissioner of Doccs
Domonie, Mess Room C.O. of CCF;
                Defendant(S), et. al.
    Sued in their Individual & Official
Capacity.

I-dex No.

9:22-cv-770
GLS/TWD

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 22 2022
AT____ O'CLOCK
John M. Domurad, Clerk  Syracuse

(Page one)

# I. INTRODUCTION

1. This is a 1983 action filed by Plaintiff Mo K. Burrell a State Prisoner, alleging violations of his constitutional rights to receive medical; Therapeutic; Transitional Services; Rehabilitation Treatment; Occupational Therapy, Due Process; Access to the Courts; & Atypical & Significant Hardship & Seeking an injunction relief & money damages. Plaintiff also seeks an injunction & damages Pursuant to the American With Disabilities Act; & Rehabilitation Act;

# II. JURISDICTION

2. Jurisdiction of this Court is invoked Pursuant to 28 USC 1331 in that this is a Civil action arising under the Constitution of the United States.

3. Jurisdiction of the Court is invoked Pursuant to 28 USC 1343 (a) (3) in that this action seeks to redress the deprivation, under color of State law, of rights secured by Acts of Congress Providing for equal rights[s] of Persons within the Jurisdiction of the United States.

(Page Two)

9. Defendant C. Gregory, is the Inmate Grievance Program Supervisor, of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

10. Defendant Matott, is a Captain of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

11. Defendant John Doe, is a Lieutenant of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

12. Defendant Wilson is a Correction Officer of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

13. Defendant Whitehurst, is a Correction Officer of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

14. Defendant Rushford, is the Nurse Administrator of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

Defendant Ben Ware, is a Offender Rehabilitator Coordinator of CCF, a municipal government entity, in the State of New York, and manages and oversees Plaintiff.

(Page Four)

III. PARTIES

4. Plaintiff at all times relevant was confined by the New York State Department Of Corrections (NYSDOCS) at Clinton Correctional Facility (CCF), Dannemora, New York.

5. Defendant Anthony Annucci, Commissioner of NYS DOCCS, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

6. Defendant Earl Bell, is the Superintendent of the Clinton Correctional Facility (herein after CCF.), a municipal government entity in the State of New York, and manages and oversees Plaintiff.

7. Defendant Webb, is the Education Supervisor of the CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

8. Defendant King, is the Deputy of Programs of the CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

(Page Three)

15. Defendant Demars, is a Senior Offender Rehabilitator Coordinator, of CCF; a municipal government entity in the State of New York, and manages and oversees Plaintiff.

16. Defendant Dominic, is a Correction officer of CCF, a municipal government entity in the State of New York, and manages and oversees Plaintiff.

17. Defendant Kowolaski, is a recreation civilian of CCF, a municipal Government entity in the State of New York, and manages and oversees Plaintiff.

18. Defendant King, is a sergant of CCF, a municipal government entity in the State of New York, and manages, and oversees Plaintiff.

19. Defendant McIntosh, is the superintendent of CCF; a municipal goverment entity in the state of New York, & manages, & oversees Plaintiff.

20. Defendant Sorosa, is the Lieutenant of CCF; a municipa Government entity in the State of New York, & a municipal government entity in the State of New York, & manages & oversees Plaintiff.

(Page five)

21. At all times relevant to this Complaint, all Defendant(s) acted under color of New York State law.

22. At all times relevant to the complaint, Defendant(s)

were acting as agents within scope & course their employment, & under the direct control & supervision of defendant(s)

23. At all times relevant to this Complaint, all defendant(s) acted in concert & conspiracy & were jointly & severally responsible for the harms caused to Plaintiff.

## IV. FACTUAL ALLEGATIONS

24. On or about February 20, 2020, Plaintiff was housed in CCF, he was housed in AF, and subsequently transferred to A-Block on or about November, 2020.

(Page Six)

25. On or about February 12, 2021, Plaintiff Filed a Civil Practice Law and Rules Article 70; Habeas Corpus, in New York State Clinton County Supreme Court. He was issued a writ to appear at court March 12, 2021 at 12:00pm, (See Exhibit, A).

26. Once Defendant(s), King, Demars, Ben Ware, Wilson, Litmore (AB). John Doe 4, Wilson, Lashway, Mott Captain, Kowlski, Sgt. King, Anthony Annucci, became aware that Plaintiff was petitioning for Habeas Corpus relief, Pursuant to the CPLR Art. To petition he filed. They began to all conduct adverse acts to get the Plaintiff to drop the motion (Habeas Corpus).

27. These retaliatory, & adverse, are compartmentalized as follow. All defendants were a part of a collaborated effort, and criminal consiracy, to have Plaintiff drop the CPLR Art. To Habeas Corpus.

(page seven)

DEFENDANTS

WILSON; WHITEHURST;
John Doe Lt; Bell; B
King; Law Library;
Access to the Courts;
Program Removal; Adverse
Act

28. Defendants Earl Bell is the Superintendent
of CCF; King is the Deputy Superintendent of
Programs at CCF; both of these Defendants
are the Supervisors of the CCF Law Library.

29.    Defendants Wilson, and Whitehurst are
the law library officers, and the daily
staff, and King and Bell are their Supervisors;
Plaintiff held a Job as Paralegal Assistant
in the CCF; for the Pru; and Late
Module01 at CCF; 12:245 Pm; B 7:00-9:45 Pm.

30.   Plaintiff drafted his CPLR Art. 70 Habeas
Corpus Petition on the CCF Law Library desktop
Computer. He Printed it out, made copies, Paid
Fee them and mailed it to the Clinton
County Clerk of 137 Mcvoagut St; Plattsburgh, New York.

(AR)                                    (AB)
/ Page Eight /

CIVIL PRACTICE LAW & RULES
ARTICLE 70; HABEAS CORPUS;
RETALITATORY ACTS; ADVERSE
ACTS; ENCOURALEMENT TO DROP
PETITION IN FRANKLIN
COUNTY SUPREME COURT

31. On Feburary 17, 2021, Plaintiff was informed by Defendant Whitehurst, due to the filing of my CPLR motion Habeas Corpos; Article 70, and the utilization of the CCF, Law Libary desk top Computers to do so, showed a sign of betray to CCF, superintedent Defendant Bell, & Annucci the Commissioner of Doccs.

32. Defendant Whitehurst then informed Plaintiff that Attorney General Mitchell Her fancis, that Plaintiff(s) CPLR Art 70 Habeas Corps, will ultimately Caused a release of Prisoners due to the Covid-19 Pandemic, and Bell & Annucci deliberate indifference to the safety needed to be Protected from the deadly virus, and therefore once I redropped the Habeas Corps then I Can Work at CCF, Law Libary, as a Paralegal Assistant, but as of today, I'm fired and removed as a Clerk.

(Page Nine)

33. On or about March 18, 2021, Defendant M. King was written an appeal by Plaintiff, to retain his Law Library Job. Plaintiff outlined the pattern of harassment, and the retaliatory actions of Defendant Wilson, Whitehurst, Bell, B Annucci, Lt. Sorosa. (See Exhibit B)

34. The isolated incident, where a law library clerk made copies of my Habeas Corpus and gave it to Defendant Wilson B Whitehurst to read. The Habeas Corpus gave a detailed petition that demonstrated the release of Plaintiff was necessary, to cure the 8th Amendment Cruel B Unusual Punishment, Atypical B Significant Hardship, conditions of Confinement. I made mention of the spreading of the virus, was a habit in CCF, law library, where Plaintiff worked, and that the desk-top computer keyboards, B supplies (e.g. staples, tape, printer books, B countertops) were not disinfected. (See Exhibit B).

35. Defendant Wilson, yelled at Plaintiff "I own you under the 13th Amendment Nigger, so if you think your so smart B can get released, think again, I read this Bullshit, guess what, your no longer a Paralegal Assistant, you are not allowed to use the Computers, matter of fact, write down all the Computers, Chairs, typewriters, if you want to keep working here, your my slave."

(Page Ten)

36¹' On or about March 30, 2021 Defendant M.King, replied to Plaintiff appeal of his Program removal. She informed Plaintiff that his removal (security) was reviewed and approved by her. Furthermore, she ordered C.O. Lashway to search my cell, in retailation of utilizing the law library computers, and to Place insurance that Plaintiff would not do that again. (See Exhibit C).

37. On or about March 25, 2021, Defendant Gregory and the CCF, Inmate grievance Committee Unanimous DEADLOCKED decision in response to Plaintiff's redress of his law library removal, that went into effective as of February 22, 2021 (See Exhibit D)

38. Defendant M.King is in charge of the JPAY email Correspondence Program at CCF, which is govern by Directive #4425. Due to Plaintiff utilizing the CCF, law library computers to file his CPLR Habeas Corpus Art. 70, B appeal his law library Program removal decision his email Program, was retailated against On or about March 06, 2022, M.King, Conducted a supervisory tour of A-Block. Plaintiff inquired if JPAY Kiosk was experiencing a technical difficulty, due to the fact he cant send emails out, and have not received emails within (72) Seventy - Two hours in accordance with Dir. 4425.

(Page Eleven)

RELIGIOUS DISCRIMATORY
B RETAICATORY ADVERSE
ACT(S). ACCESS TO THE COURTS
_____

39. Defendant M. King, began to boycott Plaintiff legal-services. All the Prisoner(s) Plaintiff Provided Paralegal Assistant, and Wanted to File the Habeas Corpus CPLR Art. 70, to be released from CCF, due to 8th Amendment; Covid-19 virus; deliberate indifferency of the Conditions of Confinement, and exposure to be infected with Covid.

40. Defendant King, had Previously approved Plaintiff to Provide this legal assistance to the following Prisoners of CCF; D. McPherson #13B 0817; M. Harris 17A2715; A. Jordan 13A5546; R. Winston 19A3820; B D. Louime 17A3218.


41.     She, retaliated against Plaintiff, on or about May 07, 2021, Plaintiff wrote for Permission to Provide legal assistance to Prisoner(s) and assist in filing a Habeas Corpus, CPLR Art. 70; to be released from CCF; in accordance with Directive #4483, which does not require Plaintiff to be a Law Library Clerk, Plaintiff must have a legal Research Certificate, issued by DOCCS. King had Previously approved the assistance, until she discovered the objective she terminated all these clients, and directed the Prisoners to attend Law Library (See Exhibit E).
(Page Twelve)

42. On or about June 29, 2021, Plaintiff was transferred to Dr Block, from Ufg. Defendant McCleary informed Plaintiff, Statements/ Grievances, to the CPLR Art. 70, Habeas Corpus; he is lucky that he did not kill him, and he will be Packing my Property for this transferred to it will be destroyed.

43. On or about October 27, 2021, Jane Doe, (Defendants) Opened Plaintiff Certified legal mail # 70219700000-56230074, and Stated the "mail item deemed suspicious" and for Plaintiff to provide 0.78 to return the item to the sender. Plaintiff appealed this matter to Defendant McIntosh, that Dir. 4422(f), requires Certified mail is to be Signed & received by Plaintiff via the legal mail. That Jane Doe violated Federal law, and the appeal was made in accordance to Dir. 4422(g), (7). (See Exhibit F)

44. Jane Doe, Stated it was Subject to inspection as a non-legal mail item is, which is untrue, Dir. 4422(f) Clearly States Protocol for Certified mail. Plaintiff returned the mail item to his Attorney Nicholas Pessalaguo, who was to represent him for the CPLR Art 70, and his mother said he never received the returned mail. Plaintiff Contacted the Jane Doe, and inquired, on or about November 18, 2021, Jane Doe Stated... "The item has left the facility." On or about December 24, 2021, Defendant(s) McIntosh, Gregory, to Jane Doe, admitted to destroying my Certified mail and not returning to my attorney. (See Exhibit F).

(Page Thirteen)

RETALIATION; FAVORITISM;
DISCRIMINATORY; RETAILATORY
ADVERSE ACT(S); COERCEMENT
TO DROP CPLR ARTICLE 70
HABEAS CORPUS AGAINST EARL
BELL IN FRANKLIN COUNTY
SUPREME COURT.

45. On or about June 13, 2021, after weight training, Plaintiff went to a secluded, less congregated area of the CCF; North Yard, and began to jog. Plaintiff was ordered by Defendant John Doe Sergeant to jog on the Flats area.

46. Plaintiff objected, stating "There is over 200 people, I'll run into somebody, or ruin a soccer game, and the phone list, it will cause a fight, I can't jog on the flats." John Doe stated "Yeah, hopefully you do so we can let the courts know, if you drop that habeas corpus you can jog".

47. Plaintiff Contacted Defendants/ Bell, and Matott, who told Plaintiff too "... follow staff direction", insinuating to drop the CPLR Art. 70 Habeas Corpus, and will be able to jog in a less secluded, less danger prone environment. This occurred June 14-21, 2021. (See Exhibit G).

(Page fourteen)

UNSANITARY; CONDITIONS
OF CONFINEMENT(S); ATYPICAL
B SIGNIFICANT HARD SHIP

48. From Faburary 23, 2022, until April 12, 2022,
Defendar(s) Bell, McIntosh, Annucci, directed John
Doe C.O.(S) in D-Block; UF; UH; Unit -14 to Shine
there flashlights in Plaintiff Face when conductedg
a Supervisory tour, Defendant Tveller, flashed a
flash light in Plaintiff eye's and Plaintiff has
not been able to see out of his right eye,
and can not sleep unless medically induced,
his brain see's flashes when his eyes are closed.
(See Exhibit H)
49. Plaintiff was housed in UH; UF; D-block, where
it was mice and roaches, the mice bit Plaintiff in
his sleep and ate his clothing destroying (3) Pairs
of $80.00 Sneakers, (as) 12 T-Shirts valued at $15.00 Each;
legal work Tier III Disposition Plaintiff seeked to Article 78;
The roaches were in Plaintiff ear, Plaintiff
awoke to a roach exiting his right ear and
Scurrying across his face.
50. Defendant McIntosh did not order Pest
control until March 03, 2022 and did so soley
for D-Block 4 company. (See exhibit I),

(Page Fifteen)

51. Defendant McIntosh, and Jane Doe Correspondence officer, as well as C.O.'s Wilson & Whitehurst, defaced, tampered, destroyed, & altered Plaintiff incoming & outgoing legal-mail correspondence.

52. On or about December 24, 2021, Plaintiff Grievance was heard in reference to the motion to Dismiss Objection(s) in U.S. N.D.N.Y. Burell v. Oneida County, Filed by Cone, that went missing. Secondly, the Tier III Appeal that Plaintiff needed to Perfect a Article 78, to Challenge A. Lodgoriee decision to uphold the the Guilty disposition. Defendants, McIntosh, and Defendant Jane Doe, never Provided Plaintiff these legal documents, via CCF legal mail or general non-Privileged process, Plaintiff was not able to File the CPLR Art. 78 due to not having the appeal, & the Statute of limitation Expired (4 months from appeal date). And the motion to dismiss Plaintiffs' Complaint was granted by U.S. N.D. N.Y. 10042-21 Index #, 2571-22 (See Exhibit).

53. Plaintiff was denied Law Library Access, while in D-Block, Plaintiff was able to Provide interogatories, a motion to compel discovery or File a dispositive motion summary for Judgment. On or about March 06, 2022, Plaintiff grievances were heard, and Plaintiff never got to File those motions, due to no Law Library Access to receive Papers, Pens, case law, ~~to~~ Perfect the litigation of Burell v. Oneida County.

(Page Six-Teen)

56.) Defer dants) Bell, McIntosh, Wilson, King, & Whitehurst held a Policy in CCF, to have any manila envelopes issued to Plaintiff, Plaintiff has to (1) Disclose the contents of outgoing mail; (2) The manila envelope can only be mailed from the facility law Library. This was as Wilson & Whitehurst informed Plaintiff "to see if someone is trying to sue us, or bring some Petition in the Courts, we are ahead, Shit, I'll tell you the truth, I'm not mailing out shit that has Me or my boys listed as a Defendant."

57. Plaintiff mailed an Order to Show Cause CPLR Art. 78; to Jeff McCoy, Which Challenged the decision to deny Plaintiff Limited Time Credit Allowance. Plaintiff Gave the documents) (2) (4) To be mailed to the NYS Attorney General; (2) Jeff McCoy; & (3) To the Albany County Supreme Court; 782-22 Index #. 1004-21 (See Exhibit K).

58. The Respondents) moved for a motion to dismissed the Art 78, due to a lack of Court jurisdiction, inter alia, Plaintiff did not Properly serve the respondents) the envelope beared no Postage Stamp, and they did not receive the Art 78, before March 1, 2022, Plaintiff gave these documents to Defendants) McIntosh, Whitehurst, & Wilson. The Supreme Court of Albany dismissed Plaintiff Art. 78, Which the relief was to be released from DOCCS April 19, 2022. (See Exhibit L).          (Page Seven-Teen)

PACKAGE ROOM; RETAILATORY
ACTIONS; ADVERSE ACTIONS;
COERCEMENT TO DROP; CPLR
ARTICLE 70 HABERAS CORPUS
AGANST KARL BELL IN FRANKLEN
COUNTY SUPRE ME COURT.

54.

Plaintiff provided Defendant(s) Whitehurst, Wilson, King, B Webb, with numerous Court Ordered Deadlines. This is incumbent these Defendants, to provide Plaintiff with Dir. 4483 Law Libary; SPecial Acless," Which will allow Plaintiff with access to the Courts to meet the Court Deadlines; Statute of limitation; with the Supplies Law Libary Westlaw APPlication; PaPer; Pens, & coPies of Exhibits, that Can not be dupplicated longhand.

55. These Defendants, McIntosh, Whitehurst, Wilson, King, Webb, B Jane Doe, denied Plaintiff the right to fullfil Court of Claims, NYS Statute, that requires the Claimant (Plaintiff) with a Certified mail reciept of his claim. Plaintiff received a motion to #0th dismiss his Court of Claim Tort, because he failed    22-015466-41 to Served the Attorney General via Certified mail, Plaintiff Protested his indigency and his lack of finances to afford to Pay for Postage to Serve Certified mail. These Defendants Upheld there Policy, to deny Plaintiff these rights, (See Exhibit M).

[Page Right-Teen]

59. On or about Febuary, Plaintiff enrolled into the Blackstone Career Institute in Allentown, PA; 1101 Brookside Rd: On or about November 2018, Plaintiff Completed this Course and Paid the $5,716.00 tutition fee, & received his Paralegal Certificate. On or about Faburary 2019, Plaintiff, enrolled into the U.S. Career Institute 2001 lowe St; Fort Collins, CO 80525 the Course was Accounting, these Enrollments occurred in Attica Corr. facility.

60. Plaintiff arrived at CRF, and Requested to have his Paralegal Certificate placed in his file, to receive Paralegal Assistance wages, and not clerical wages. Defendant Webb refused to do so, & ORL Beaware as well. A White Prisoner, Newsin had the same accolades, and his ORL to Webb placed his Paralegal Certificate in his file, & made it refletive to recieve Paralegal Wages.

61. On or about July, 2020, Plaintiff met with Defendant Webb, and Provided the Insurance Claims Adjuster & Wedding & Event Planner Curriculum, for his approval. These two(2) Courses required use of Computer access Excel, & Word (microsoft Software), to meet the Conditions to Complete the Courses. These Courses are $1,279.00 each, and the books are $150.00, and there is a $69.00 late fee if you don't make the tutition monthly payment or Provide the exams, before the Instructor's deadlines (See Exhibit N).

(Page Nine-Teen)

U.S. CAREER INSTITUTE CAREER;
B BLACKSTONE CAREER INSTITUTE;
(COLLAGE CORRESPONDENCE COURSES);
ADVERSE ACTS); NEGLIGENCE;
DENIAL OF SERVICES; RACIAL
DISCRIMENATION PRACTICES

62. Plaintiff was given Permission by Defendantes) Webb,
King, B Bell, to enroll in the U.S. Career Institute
Course Code(s) 4400; 2252, B the Pre-existing Accounting
Course (1801), was approved from Attica, Upstanding. This is
Pursuant to Dir. 4804. (See Exhibit N).

63. On or about August, 2020, Plaintiff was enrolled in
the Inmate Program Assistant Courses and was Certified to
assist in Programs. Defendant Benware, B Webb, Demars,
King, B Bell, informed Plaintiff of the Ashland University
College Pilot Program at CCF, and beliwed Plaintiff
was a Prime Candidate. Plaintiff, was against this,
due to his legal issues, & his Courses he was enrolled
in, the Ashland venture would be to burdensome.

64. On or about November, 2020, Defendant Webb, B Benware,
fabricates Plaintiff Signature and enrolled him into
Ashland, Plaintiff refused the video-Conference in the
CCF, visitroom. Defendant Webb, B Benware, then informed
Plaintiff " You know we needed, you to get the Ashland
Course approved, now, since You think You So better than
everyone else, Your College Correspondent Courses you
are Paying for, there will no longer be Providing
You said, I hope You spent that money, & fail
these Courses." (Page Twenty)

OFFENDER REHABILITATOR
COORDINATOR; DELIBERATE
INDIFFENENCY; REHABILATION
GOALS; TREATMENT PLAN;
NEGLIGENCE; WANTON DISREGARD

65. Defendant(s) DeMars, Webb, Benware, King, and McIntosh
kept Plaintiff enrolled in the College Correspondence,
but would not allow him books, or a testing
area to a Proctor. On or about August 07, 2021
the IGRC DEADLOCKED, the grievances and agreed
that Defendant Webb approved the courses, but
refuses to afford the grievant the opportunity to
Complete the coursework with an adequate
facility testing Area.

66. Plaintiff Contacted Defendant BenWare
refused to place Plaintiff eligibility to receive
Limited Time Credit Allowance (LTCA) benefit(s) Dir. #4792
The Plaintiff satisfied the Program Criteria, (D) of
the LTCA Dir. 4792. Defendant Webb, Was the review
authority, rendering a determination regarding collage
degrees and semester Credit hours satisfying the
LTCA Collage Programming Criteria, Plaintiff Accounting,
Paralegal, Insurance Claims Adjuster, to Wedding to Event Planer
These Courses Cirriculum meets the (3)three Credit hour.
Semester meets for three 50-minute sessions Per
Week for 15 weeks, for a total of 45 sessions.
Plaintiff was overqualified, Defendant(s) Bell, to Webb,
informed Plaintiff, it he dropped the Habeas Corpus
he will receive LTCA, he did not so they denied it.
(Para Twenty-one)(See Exhibit P).

67. On or about October, 2020, Plaintiff completed his Accounting course, a requisite that the U.S. Career Institute stipulated, was for Plaintiff to contact the Internal Revenue Service, and obtain his tax preparer application Identification number, form WP-7. Plaintiff, had a girlfriend, Cytearia mail this form to CCF, and Defendant(s) Bell, Webb, Beware, King, & Jane Doe denied Plaintiff this form. (See Exhibit O).

68. Plaintiff, began to be denied the following services; (Library general), and once he filed his CPLR Art. 70, Habeas Corpus to be released from Doccs, Webb became irate stating "Oh, You Put a target on Your back." Webb then refused to place Plaintiff College Exams on to the Training Achievement & Potential Employability Report. (See Exhibit P)

69. On or about June 27, 2021, Defendant(s) M. King, Bell, Webb, King, denied Plaintiff computer access, and a testing proctor for his Insurance Claims Adjuster that requires Microsoft Excel & Word, as well as his Wedding & Event Planner. Costing Plaintiff $5,716.00 in charges from late fees, and paying tuitions for courses he was not being allowed by Defendant(s) to Partake.

70. On or about July 01, 2021, Defendant(s) Webb, Bell, Kirby & Jane Doe (Liberian), denied Plaintiff Dir. 4470 General Library, College correspondence, studying & research of exams access. (Exhibit Q)

(Page Twenty-Two)

71. On or about October 14, 2020, Plaintiff Contacted Defendant SORC Demars, to receive a new ORC, due to Defendant Benware actions, and her retaliatory actions against Plaintiff. This was caused when Plaintiff refused to work as a Program assistant with Benware as his Supervisor. Plaintiff was expected to facilitate Transitional Services III, for offenders re-entering Society.

72. Plaintiff wanted to make the Curriculum with a Contemporary methods of intergration. By utilizing Doccs Contract with Department of motor vehicles, to allow Plaintiff to take the Permit exam, receive a NYS ID, take CDL Exams, prior to release from Doccs, and raising the $40.00 release gate fee to $50.00, and, Provide realistic release information Defendant Benware became irate and made a racial statement "Black People are fucking lazy, if I got to wait in the DMV line so do you, B that's our so NO, we want be Contacting DMV." Plaintiff resigned and took a full time Position in the Law Library,

73. Benware, refused to assist Plaintiff with his Closed monitor Case File, which elevated him to maximum-A. Security. Plaintiff is Serving a (7) year term, with less than 2 years to be released, He seeked to appeal the CMC, MAX-A, security designation, but defendant Benware refused, also refusing to place Contact information on my list, Making me wait 90 Days, to place my family new #'s on my Call list. She refused to assist me with any re-entry. (see Exhibit N). (Page Twenty-Three)

PROGRAM COMMITTEE
DISCRIMINATORY
DISPARATE; RACIAL BIASNESS;
IPA; TRANSITIONAL SERVICES

74.
On or about February, 2021, Plaintiff met with
Defendant Benware for his quarterly review, She
refused to Coordinate a Rehabilitation Plan, that
was Conducive to Plaintiff release, refused to
issue a facility transfer, Security Classification
appeal; Cmc Appeal; She informed Plaintiff "If
you drop that Habeas Corpus, I have no Problem
giving you these things, shit, Bell will even grant
you IPCA, & you'll be home April 19, 2022, so its
ultimately your choice, when you go to court,
withdraw your motion".(See Exhibit 5)

75. Plaintiff refused the ultimatium, at the Conclusion
of this interview with Defendant Benware, Plaintiff
was removed from the law Library, by Defendant Lt. Sor-
osa, for being a "Security Threat" to the facility. The
Dir. 4401; B 4803, requires for the Program removal,
and its reason to be reflective in the Plaintiffs
guidance file, Plaintiff inquired the Premise to return
of his law Library; security threat, removal, due to the
facts his institutional record was reviewed at the
Program Committee, When Defendant Demars assigned
him the law Library job. If Plaintiff was a security
threat it would have been seen, he became a threat
once he filed a Habeas Corpus to be released.
(Page Twenty-Four)

76. Defendant Berwares then Yelled to a John Doe C.O. to Contact the Area Supervisor, and to Place Plaintiff into Protective Custody. She began to log a Protective Custody admission form into DOCCS database, fabricating an incident, that due to Plaintiff asking a "Security" question in deference to his law library removal, being construed as Plaintiff Wanting Protective Custody. Plaintiff informed the C.O. that nature of Premise of his security concerned questions & the ramifications (i.e. Dir. 4901) of asking Berwares, he told Plaintiff that "This bitch is Crazy, your fine go back to your cell" Plaintiff returned back to his cell, in General Population (See Exhibit T).

77. Plaintiff Was removed from the law library as a security threat after filing a Habeas Corpus Petition. He appeared at the Program Committee seeking a Job; ASAT; & ART to be Conditional Release on October 19, 2022. Defendant Demars Stated "You already know your not getting a fucking Program, You fucked me, I gave you the law library Job, & told you don't screw me over, & you filled a fucking lawsuit or what the fuck ever against Bell, about Covid-19, the Attorney General, Commissioner Annucci is breathing down our ass, Bell had to fucking resign, because of you get the fuck out my sight." And dismissed Plaintiff from the Program Committee with no Program assignment. (See Exhibit U)

(Page Twenty-five)

I. L. R. C. DUE-PROCESS;
ADVERSE ACTIONS; RETALITORY
ACTS; IMPEDIMENT OF EXHASTION
OF ADMINISTRAIVE REMEDIES

78. Defendant C. Gregory, informed, Plaintiff that Attorney General Defendant Micheal Glen Francis that Plaintiff was an avid litigator, and do not Process his grievances because he(Francis) can raise a "Failure to Exhaust Remedies" to defense against any lawsuit Plaintiff intended to file.

79. Plaintiff grievances conducted by Defendant Sgt. Fatett, were held arbitrary out side the scope of Dir. 4040. Bell, Gregory, mcIntosh, & King refused to implement a Pass system for grievance representative to expedite the grievance Process, this resulted in gross negligence, Dir. 4040; 701.6(d)(1) requires a Pass system these defendants have no good Cause, a total of 54 grievances were never Processed. (see Exhibit U).

80. Gregory, Bell, King, mcIntosh, & Fatett refused to train grievance representatives, allow witnesses, Conducting hearing(s) without Plaintiff Presence, there was never a legitmate ILRG these objections were disregarded. They refused to interview staff members, and allow IARC inmate representatives to investigate grievant. At all times this was the facility Policy, from Febury 2020, - April 2022.

(Page Twenty-Six)

81. Defendant Michaels, and Plaintiff held court, and Bell resigned, Plaintiff never received his decision to order for the CPLR Art. 70; he instead received Donnell Festus, # 10A4353, he contacted the Clerk of Clinton Court, John Doe; Defendant Micheal R. Cuevas, informed Defendant Gregory, that, Plaintiff will not receive his decision, so he could not file, an appeal or a Federal Habeas Corpus. (See Exhibit V).

82. Plaintiff never received his decision to order, he seeked this, and FOIL the and due to his indigency could not pay the $0.25 per page by Clinton Foil # CC-0481-21. Plaintiff never got to file an appeal of the Habeas Corpus, and/or a Federal Habeas Corpus. (See Exhibit W).

83. Plaintiff remained incarcerated and was infected with Covid-19, and hospitalized. Plaintiff, was informed by McIntosh that he will not be receiving any further treatment. Plaintiff began to be denied the right to form his Organization "Writer's Block" a Liberal Arts, for artistic Prisoners, the CCF, has a radio room, Plaintiff seeked access to broadcast a radio program utilize the CCF, auditorium to show case liberal arts, and to circulate a Facility News Paper

(Page Twenty-Seven)

FIDICARY; INSOLVENCY;
INCARATED INDIVIDUAL LIASON
COMMITTEE; OCCUPATIONAL
THERAPY FUND; MISALLOCATION
OF FUNDS; CONTRACTS; ANTI-
TRUST CLAYTON ₱ SHERMAN ACT.

84. Plaintiff Subsequently spoke with Defendant
Kowloski, about being Placed on the Inmate
Liason Committee, as a representative for the
UF Block of CCF. Kowloski laughed to stated
", Yeusey your ass got Bell fired, listen all your
Grievances, and forming of organizations, News Paper,
radio Show all go thru me, Bell Was my friend
for me to approve anything from you will be
betray, so stop writing". (see Exhibit X).

85. Plaintiff submitted the forms to form
a News Paper, organication, Radio Show, ₱ ILC, all
Were denied, in retaliation of filing a Habeas
Corpus that Caused Bell to resign as the
Superintendent of CCF. Plaintiff was not
able to provide any type of Social encounters
of Productivity because of the fear of filing
Habeas Corpus motions on behalf of others,
plaintiff experienced denial of Packages in retaliation
as well.            (Page Twenty-Eight)

86. Defendant King was spending the occupational therapy funds insolvently, she was the CCF, fiduciary and was required pursuant to NYs Finance law 163, to spend, & allocate these funds responsibly.

87. Plaintiff received a pair of boots, solid color red, and they were denied, Plaintiff pkgs were returned to sender, Plaintiff never received his package within 72 hours as required in Dir. 4911, he received a package on Thursday, and received it Monday this was due to Sgt. King who stated "listen you drop your bullshit motion against Bell, then you can get your shit, but I'm not opening the pkg room on the week, and stop putting in for Sgt. review, he have a memo "Fuck Burrell" understand. (see Exhibit Y).

88. This was due to requesting that Defendant King, review Defendant Dominie arbitrary, retaliatory denials on 12-04-2020; 06-02-2020; 08-20-2020. Plaintiff never received Pkgs, due to him refusing to drop the Habeas Corpus against Bell.

89. None of the decisions to deny Plaintiff his pkg's were within the scope of Dir. 4911

(Page Twenty-Nine)

(1) PAY; SECURUS; DIRECTV;
B VENDORS; ANTI-TRUST
SHERMAN, B CLAYTON ACT.

90.
Defendant(s) McIntosh, King, B Rushford, denied Plaintiff medical treatment for his Carpal tunnel, Siatic nerve damage, Anal injuries, shoulder injury, Neck injuries, right foot injuries; left thumb injuries, eye/vision impairment. Plaintiff did not see a Doctor or any of his medical sickcall request, were ever acknowledged, until Plaintiff dropped his CPLR Art. 70 Habeus Corpus against B.S.U.

91. Plaintiff spent over $50.00 on the CCF, TV Fundraiser with the clic-clic Program. Plaintiff Proceeds, were oversaw by Defendant King, who seized a Direct TV, that contract, was $5,000 a month, Plaintiff objected for his Proceeds being spent insolvently, because Nys finance law 163 requires cost efficiency B the best value plan. The best value plan was a Streaming Service(s) (e.g. Amazon fire TV, Hulu; Roku; ). (See Exhibit 2).

92. Defendant King allowed Defendant's whitehurst B wilson to possess a Roku Streaming service in the CCF Law Libary. This was Purchased with Plaintiff Clic-Clic Proceeds. This was a discrimnatory act. Plaintiff demanded a refund due to the miss appropriation of his Clic-Clic Proceeds.

(Page Thirty)

95. Defendant(s) Gregory, these adverse retaliatory tatics, caused Plaintiff Physical, mentally & Civil injuries causing Pain & Suffering. Violated Plaintiff 1st, 6th, 8th, & 14th Amendment Right(s) Pursuant to the U.S. Constitution.

96. Defendants(s) King, Bell, McIntosh, Sgt King, Kowlosk; insolvency, in irresponsibly Spending the funds Allocated to the TV Fund Raiser Program, With Plaintiff Clic-Clic Proceeds, Securing a DirecTV contract, & Paying $3,000 a month, & refusal to implement a more cost efficient, & broad Variety of Chanels, Amazon fire stick, or a Streaming service, & to allow defendant(s) Whitehurst, & Wilson to Possess a ROKV Streaming device in the CCF, Law Library, to Cause a Fiscal Gross, in the Occupational therapy fund, to manipulate, deceive, & exploit NYS Tax Payers funds, With the illogical DirecTV Contract that was expensive, and a cheaper alternative were available to defendant(s) suggested by Plaintiff to use his Proceeds as directed in NYS State Finance Law 163; Violated Plaintiff 1st, 8th & 14th Amendment Right(s) Pursuant to the U.S. Constitution. Defendant(s) Truller, flashing the flashlight in Plaintiff eyes, causing Visual impairment & insomnia in retaliation to filing a CPLR Habeas Corpus. Violated Plaintiff 1st Amendment Right Pursuant to the U.S. (Page Thirty-Two) Constitution.

EXHAUSTION OF REMEDIES

V.

93. Plaintiff exhausted all the administrative remedies available to him, in suspect(s) to all claims contained in the complaint, attached as Exhibit(s).

Plaintiff realleges all the paragraphs 1-93 in the complaint as the cause of action.

## VI. CLAIMS FOR RELIEF

94. Defendants Bell, McIntosh, King, Wilson, Whitehurst, Demers, Webb, Lashway, Annucci, Ashford, Benware, Lt. Sorasa, Matott, Kowliski, retaliatory actions, adverse acts, to drop the Habeas Corpus Art. 70; CPLR; they denial of programs, College Correspondence; law library removal, medical treatment, removal from physical therapy; protective custody placement attempt; CMC appeal refusal; package room denial of packages; JPAY messages denial; Grievance denial; Mice B roaches injuries; Law library denial; Outgoing B Incoming mail deface, destruction, B denial; Denial of Certified mail.

(Page Thirty-one)

97.) Defendant(s) Bell, mott, Kowlisk, King, Doe, Wilson, Whitehurst, Berware, Rushford, B Amucci, Demars, Webb, Gregory, Sorosa, & Lashwey has failed to comply with the mandates of 42 U.S.C. 12132 & 29 USC 794 in the following Area(s);

(a) The failure to Properly train, Supervise & discipline

regarding Crisis intervention technique for Plaintiff who exhibits the Signs & Symptoms of medical disabilities,

(b) The failure to Provide adequate training & resources for Crisis intervention teens of the Said Defendant(s)& Defendant(s) Bell, mott, Kowlisk, king, Doe, wilson, Whitehurst, Berware, Rush ford, Amucci, Demars, webb, Gregory, sorosa, & Lashwey to respond to emergencies involving Persons with medical disabilities.

(c) The failure of Defendant(s) Bell, Amucci, mc Tintosh, Webb, Sorosa, wilson, King, Whitehurst, Demars, Benware, Rushford, & Lashwey to follow Policies, Procedures, directives, & instructions regarding Crisis intervention technique(s) for individual(s) who exhibit the Signs & Symptoms of medical disabilities,

(Page Thirty-Three)

98.

b. Failed to ensure through training, supervision & discipline that correctional, & medical staff at CCF; in necessary circumstances, make a referral for medical treatment; &

C. Entered into a contractual agreement providing Docs & medical with a strong financial disincentive to refer Plaintiff for mental health services.

Defendant(s) discriminated against Plaintiff decent by reason of his medical disabilities, denying him the benefits of the services, programs & activities to which he was entitled as a person with a medical disability, including but most limited to the right to be free of discriminatory & disparate treatment by virtue of his mental disability, & to due process of the law. As a result, Plaintiff(s) suffered harm in violations of his rights under the laws & Constitution of the United States, 42 USC 12132 & 29 USC 794.

(Page Thirty-four)

99. At all times relevant to this complaint, defen-
dant(s) CCF, & medical, with deliberate indifferen-
ce to the serious medical illnesses needs of plain-
iff at CCF, operated under a contractual agree-
ment that required medical & Docs to pay
for medical treatment, & services medications
therapy, sessions, to plaintiff at CCF, thereby
creating a powerful disincentive for medical &
Docs staff

to review, evaluate, & treat plaintiff for medical
services.

100. At all times relevant to this complaint, the
conduct of all defendant(s) was in willful & reck-
less, & callous disregard of plaintiff right(s)
under federal & state law.

101. As a direct & proximate result of the conduct of
all "defendant(s)", plaintiff suffered & continues to
suffer physical & psychological harm, pain, &
suffering, some or all of which may be
paramount, & forever losses.

(Page Thirty-five)

102.

The failure of defendant(s) Bell, Annucci, mott, kowliski, King, Doe, wilson, Whitehurst, Benway, Rushford, Demers, Rushford, Sorosa, Webb, to act on theyre knowledge of Plaintiff ~~Medical~~ Gregory, matott & Leshway medical injuries Carpol tunal, Nerve damage, Joints, bones, vision. Violated 8th Amendment Right to be free from deliberate indifference to this Safety.

103. Defendant(s) Bell, Annucci, mott, kowliski, King, Doe, wilson, Whitehurst, Benway, Rushford, Demers, Gregory, Matott, Sorosa, Webb, & Leshway refusal to Provide Plaintiff medical Services, during his tenure in DOCCS, & to Prevent & act on this knowledge of a Substantial risk of Serious harm to Plaintiff Violated his 8th Amendment Right to be free from deliberate indifference to his Safety.

104. Defendant(s) Bell, Annucci, mott, kowliski, King, Doe, wilson, Whitehurst, Benway, Rushford, Demers, Gregory, matott, Sorosa, webb, & Leshway Owes Plaintiff a duty of reasonable Care to Protect him from death, & medical Pain & suffering. Defendant(s) breached that duty by failing to Provide Protection when Plaintiff informed them he was disable, & Suffered from medical illnesess. The breach of duty resulted in ~~the~~ Pain & suffering, & emotional distress. The breach of duty Proximately Caused these damages,

(Page Thirty-Six)

105. At all times relevant to this complaint, as evidenced by the lack of appropriate care provided to Plaintiff in this case, defendant(s) Bell, Annucci, Kowlisky, Mott, King, Doe, Wilson, Whitehurst, Berwry, Rushford, Demars, with Gregory, Nebb, Sorosa, & Caskwey deliberate indifference, failed to develop & implement Policies, Practices, & Procedures to ensure that Plaintiff in this case defendant(s) CCF, & medical, with deliberate indifference, failed to develop & implement Policies, Practices, & Procedures to ensure that Plaintiff at CCF, have recevie appropriate care for serious illneses & if necessary, outside medical services.

106. At all times relevant to this complaint, as evidenced by the lack of appropriate care provided to Plaintiff in this case, defendant(s) CCF, & Medical, with deliberate indifferens failed to Properly train, supervise, & discipline, Grievance, Program Committe, Package roary, law library, Inmate Organizations, Incoming & outgoing mail, Pest controbl. So as to ensure that Plaintiff would recerieve appropriate care for his serious medical illneses & if necessary, a referral by CCF, Personal at CCF, for medical health serviess.

(Page Thirty-Seven)

107. By these actions, defendant(s) have deprived plaintiff of rights secured by the United States Constitution, 42 US 12132 & 29 USC 794.

108. The Defendant(s) Bell, Annucci, Mott, Kowliski, King, Doe, wilson White hurst, Ben Ware, Rushford, Demars, Gregory, Sorosa, Webb, & Lashway caused the constitutional violations by reason of it's practice & custom, with deliberate indifference, of failing to properly train, supervise & discipline NYS Doccs & medical employees.

109. These defendant(s) Bell, Annucci, Mott, Kowliski, King, Doe, Wilson, whitehurst, Ben Ware, Rushford, Demars, Webb, Gregory, & Lashway have also failed, With deliberate indifference, to properly train, supervise, & discipline in situations involving emotionally & medically disturbed persons & in the proper means of detaining or protecting Such persons from harming themselves or others.

110. At all times relevant to this complaint, as evidenced by the lack of appropriate care provided to plaintiff in this case, by defendant(s) Bell, Annucci, Mott, Kowliski, King, Doe, wilson, White hurst, Benway Rushford, Demars, Gregory, Webb, & Lashway with deliberate indifference, failed to develop & implement policies, practices, & procedures to ensure that plaintiff at CCF, would receive needed evaluation & treatment

(Page Thirty-Eight)

114. Defendant(s) Bell, Mott, Kowlicki, King, Doe, Wilson, Whitehurst, Berway, Rushford & Annucci, Demers, Sorosa, Lashway, Gregory & Webb. Were deliberately indifferent to Plaintiff

serious medical injuries, & the necissity of Physical therapy; Tens-Unit; wrist bracey to cope with carpal Tunal; Siatic Nerve Danege, Neck, Back; Shater, right forearm anal, injuries, by destroying Plaintiff Physical Therapy, Tens-unit; wrist bracey & medical attention. They had a duty to comply with general accepted medical standers of care in their medical treatment of Plaintiff.

115. Defendant(s) Bell, Mott, Kowlicki, King, Doe, Wilson, Whitehurst, Berway, Rushford, & Annucci, Demers, Gregory, Sorosa, Webb, & Lashway Violated their duty of care to Plaintiff. The defendants(s) violation of their duty of care to Plaintiff was a direct & Proximate cause & a substantial factor as in bringing about Plaintiff damages outlined above, & as a result, defendant(s) are liable to Plaintiffs

(Page Forty)

111. Because the individual defendant(s) were acting as agents, servants, & employee's of defendant Docls, & because the individual defendant(s) were acting within the scope & course of their employment, & under the direct control & supervision of defendant Docls, defendant(s) is liable to plaintiff on the basis of respondent superior liability.

112. The violations of plaintiff(s) constitutional rights(s) under the 1st, 4th, 5th, 6th, 8th & 14th amendment Rights(s), pursuant to the U.S. Constitution, plaintiff(s) damages(s), & the conduct of the individual defendant(s) were directly & proximately caused by the Docls, which have, with deliberate indifference:

113. a. Failed to establish policies, practices, & procedure(s) to ensure that plaintiff at CCF, receive appropriate care for serious medical illnesses & necessary, outside medical services & treatment; &,

(Page Thirty-Nine)

118.
Defendant(s) Bell, Annucci, Miller, Kowalski, King, Poe, Wilson, Whitehurst, Benware, Rushford, Demers, Gregory, Sorosa, Webb, & Costway. refusal to Provide Plaintiff with medical (services as required under New York State Correction Law 137; 148; § 401, was a breach of duty. The Defendant(s) owed Plaintiff a duty of reasonable Care to Protect him from Pain & suffering from his injuries. This was a deliberate Indifference, & Violated Plaintiff 1st; 5th; 8th; & 14th Amendment Rights/ Pursuant to the U.S. Constitution

119. Defendant(s) Domonie, Sgt. King, Bell, & McIntosh, denial of Plaintiff Packages, until he dropped his CPLR Habeas Corpus against Bell. Violated Plaintiff 1st; 8th; & 14th Amendment Rights/ Pursuant to the U.S. Constitution

120. Defendant(s) Glenn Milheals, McIntosh, Bell, Gregory, Annucci, King, Judge Cuevas, refusal to Provide Plaintiff a decision & order of his Habeas Corpus, so Plaintiff Could not Appeal to the NYS Third Dept; & a federal Habeas Corpus 2255; and the deceptive Ploy, to Provide Plaintiff with Donnell Fetus decision, and Plaintiff never being able to file, The revokation of Plaintiff to Provide legal services to Prisoners Winstory Harris, Judge Cowrey McPherson & in filing a CPLR Art. 70 Habeas Corpus Conditional release from CCF motion. Violated Plaintiffs 1st; 5th; 6th; 8th; & 14th Amendment Rights/ Pursuant to the U.S. Constitution.

( Page Forty-Two)

116. Defendant(s) Bell, Annucci, mott, Kowlisk, King, Doe, Wilson, White-hurst, Benware, Rushford, Demars, Gregory, webb, Lesway, Sorosa,

Caused Plaintiff to have the Article 78; Dismisses or grands the Court lack jurisdiction due to improperly filing of Order to Show Cause, upon respondents, from the retailatory adverse act(s) of tampering with my mail; legal-mail, given to them in the CCF; law library, causing Plaintiff to lose: L3 limited Time Credit Allowance April 19 2022; Docls Release do to; Microsofty Excel, & Computer Access; II several. violated for March 18 2022 Tier p 14th Amendment. right(s) Plaintiff(s) 1st; 6th U.S. Constitution. right(s) Pursuant to the

117. Defendant(s) Bell, Annucci, mott, Kowliski, King, Doe, Wilson, Whitehurst Benware, Rushford, Demars, webb, Gregory, Sorosa, Lesway encouragement to drop the CPLR Article 70 Habees Corpus; against Earl Bell in Franklin County Court. The retaliation to slace Plaintiff for filing false motion violated Plaintiff right to be access the courts; 1st, 5th, 6th, 8th, & 14th Amendment(s) Pursuant to the U.S. Constitution.

(Page forty-one)

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully request(s)

A. Compensatory damages as to all defendant(s) for One hundred million dollar(s) $ 100,000,000.00,

B. Punitive damage as to all defendants for One hundred million dollar(s) $ 100,000,000.00.

C. Reasonable fees & Costs.

D. Preliminary Injunction & Temporary restraining Order Granted

E. Such other & further relief as may appear Just & appropriate.

Plaintiff hereby demands a jury trial

Dated; July 19, 2022

_____
Pro. se; Plaintiff

(Page Forty-Three)